UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hanover Insurance Co.,                                  Civil No. 20-977 (DWF/TNL)
as subrogee of Isanti Hotel
Partners, LLC,

          Plaintiff,

v.                                                   **MEMORANDUM OPINION**
                                                               **AND ORDER**

Hoeft Builders, Inc.,

          Defendant.

**INTRODUCTION**

This matter is before the Court on Defendant Hoeft Builders, Inc.'s ("Hoeft") Motion to Dismiss. (Doc. No. 5.) For the reasons set forth below, the Court denies Hoeft's motion.

**BACKGROUND**

On April 23, 2018, Isanti Hotel Partners, LLC ("Isanti Hotel") entered into a contract, AIA[1] Document A134-2009, with Hoeft for the construction of a new 50-unit Best Western hotel in Isanti, Minnesota (the "Project"). (Doc. No. 1-1 ("Compl.") ¶ 5.) Hoeft was hired to serve as the construction manager. (*Id*.) This document was the only document provided to Isanti Hotel at the time of the Contract's execution. (*Id*. ¶¶ 7-8.) AIA Document A134-2009 does not contain a waiver of subrogation limiting Hoeft's

---

[1]     AIA stands for American Institute of Architects. The AIA drafts template construction contracts that are used throughout the construction industry.

liability.  AIA Document A134-2009 does, however, refer to AIA Document A201-2007 General Conditions of the Contract for Construction:

> AIA Document A201-2007™, General Conditions of the Contact for Construction, is adopted in this document by reference.  Do not use with other general conditions unless this document is modified.

(Doc. No. 8 ("Strafaccia Aff.") ¶ 3, Ex. A at 1.)  AIA Document A134-2009 references AIA A201-2007 numerous times, including for example:  "For the Construction Phase, the general conditions of the contract shall be set forth in A201-2007, which document is incorporated herein by reference."; "The following documents comprise the Agreement . . . AIA Document A201-2007, General Conditions of the Contract for Construction." (*Id.* at 3, 17.)  Within the general terms contained in A201-2007 is a subrogation waiver that reads:

> **§ 11.3.7 WAIVERS OF SUBROGATION**
>
> The Owner and Contractor waive all rights against (1) each other . . . for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Section 11.3 or other property insurance applicable to the Work . . . .

(Strafaccia Aff. ¶ 4, Ex. B at § 11.3.7.)

Plaintiff Hanover Insurance, Inc. ("Hanover") is Isanti Hotel's insurer.  (Compl. ¶ 4.)  Hanover alleges that on January 28, 2019, Hoeft provided Isanti Hotel a copy of AIA Document A201-2007, and that it was revealed at this time, for the first time, that a purported subrogation waiver was enforceable.  (*Id.* ¶ 17.)  Hanover further alleges that before that time, and on each of the dates of September 20, 2018, October 4, 2018, and

2

October 9-10, 2018, it rained at the construction site of the Project and, after each rainfall, Hoeft hired additional laborers to extract water from the construction site. (*Id.* ¶¶ 12-14.) Hanover also alleges that despite Hoeft's efforts to remove water from the property, the rainfall damaged 48 of the 50 units. (*Id.* ¶ 15.) Isanti Hotel made an insurance claim under the builder's at-risk policy. (*Id.* ¶ 16.) Hanover paid pursuant to the policy.

On March 16, 2020, Hanover filed the present action against Hoeft in state court, alleging claims for negligence, willful and wanton negligence, gross negligence, and breach of contract. Hanover alleges that Hoeft failed to "protect the Project from the elements" and therefore is liable for the Project's water damage. On April 17, 2020, Hoeft removed the case to this Court. (Doc. No. 1.) Presently, Hoeft moves to dismiss Plaintiff's claims based on the subrogation waiver included in AIA Document A201-2007, in what Hoeft asserts is part of the applicable construction contract.

## DISCUSSION

Hoeft moves to dismiss Hanover's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).[2]

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.[3]

Hoeft argues that this lawsuit should be dismissed because Isanti Hotel agreed to a waiver of subrogation. Specifically, Hoeft argues that according to the allegations in the Complaint, Isanti Hotel and Hoeft entered into AIA A134-2009, a document that incorporates by reference AIA A201-2007, which in turn contains the subrogation waiver. Hoeft argues that the subrogation waiver constitutes an enforceable ban on all causes of action that could be asserted by Hanover, as Isanti Hotel's insurer. Hanover, however, disputes that A201-2007 is part of the parties' agreement. Hanover asserts that

---

[2] Because both AIA A134-2009 and other allegations in the Complaint reference A201-2007, the Court may consider it as being embraced by the Complaint.

[3] The Court declines to convert the present motion to one for summary judgment.

4

A201-2007 was not provided to its insured when the parties executed the agreement and that the document contained the purported subrogation waiver did not exist until approximately three months after the loss occurred at the site of the Project.[4]

The Court notes that this case is before it on a motion to dismiss and emphasizes that at this early stage of litigation, the Court assumes all facts in the Complaint to be true and construes all reasonable inferences in the light most favorable to Hanover. The central issue is whether the subrogation waiver found in A201-2007 is an enforceable term between the parties. While the standard-form A201-2007 is referenced in the Contract, the factual allegations in the Complaint and reasonable inferences stemming from those allegations, when considered in the light most favorable to Hanover, do not warrant a finding that at this stage the parties agreed to be bound by the general terms contained therein. Mutual assent between contracting parties is essential to contract formation. *See Bergstrom v. Sambo's Rests., Inc.*, 687 F.2d 1250, 1256, n.9 (8th Cir. 1982). Here, the allegations are sufficient to cast doubt on whether there was a meeting of the minds as to the incorporation of the general terms of A201-2007. Indeed, Hanover has alleged that Hoeft provided Isanti Hotel with a copy of A201-2007 for the first time in January 2019, three months after the loss occurred on the Property. If the terms were not provided at the time the agreement was executed, it is possible that the parties did not

---

[4] Hanover argues, in the alternative, that even if the general conditions of A201-2007 are part of a valid contract, the subrogation waiver improperly bars claims for willful and wanton negligence and gross negligence. The Court need not decide that issue at this time.

5

intend to include the terms.[5] While it is entirely possible that discovery will reveal that the parties did indeed intend to incorporate the General Conditions contained in A201-2007, the Court feels it best to allow discovery related to the circumstances surrounding the agreement between Isanti Hotel and Hoeft, including whether Isanti Hotel had access to the general conditions contained in A201-2007 and evidence regarding any custom or practice of including AIA General Conditions in construction contracts. Accordingly, the Court denies the motion to dismiss.

## CONCLUSION

The Court denies Defendants' motion to dismiss. In doing so, the Court emphasizes that victory at this early stage of litigation does not necessarily ensure victory on summary judgment. Indeed, should discovery reveal that the parties were aware of and had access to the general conditions in A201-2007, it appears likely that Hoeft will prevail.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. [5]) is **DENIED**.

Dated:  September 30, 2020          s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge

---

[5] Hanover also suggests that the terms did not exist at the time of execution. However, Hanover did not allege this and the Court, therefore, does not give that suggestion any weight.